1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **WELLS FARGO, NATIONAL ASSOCIATION, successor in interest by consolidation to Placer Sierra Bank,** ) ) ) ) | **NO.   1:10-CV-1150 AWI-DLB** |
| **Plaintiff,** ) ) | **ORDER CONFIRMING APPOINTMENT OF** |
| **v.** ) ) | **RECEIVER AND PRELIMINARY INJUNCTION** |
| **SHREE BALAJI HOSPITALITY, LP, a California Limited Partnership; BALWANTSINH DOLATSINHM THAKOR, an individual; LABATEN BALWANTSINH THAKOR, an individual; EDF RESOURCE CAPITAL,INC.; U.S. SMALL BUSINESS ADMINISTRATION; CITY OF OAKDALE and DOES 1 through 50, inclusive** ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** ) | |

_____

**PROCEDURAL HISTORY**

On July 1, 2010, Plaintiff Wells Fargo Bank, National Association, successor-in-interest by consolidation to Placer Sierra Bank ("Plaintiff"), and Defendants, Shree Balaji Hospitality, LP ("SBH"); Balwantsinh Dolatshinhm Thakor ("Balwantsinh"), Labaten Balwantsinh Thakor ("Labaten"), EDF Resource Capital, Inc. ("EDF"); United States of America on behalf of its agency, U.S. Small Business Administration ("USA"), and City of Oakdale ("City"), filed a stipulation in this Court.  Pursuant to the stipulation, all of the parties in this action agreed to extend the deadline for the expiration of the temporary restraining order and appointment of

Brian Chapman, as a receiver, which were entered by Stanislaus County Superior Court on June 11, 2010. The temporary restraining order and receivership were set to expire on or about July 1, 2010. On July 7, 2010, this Court issued an order, which extended the July 1, 2010 deadline until July 29, 2010. The stipulation also requested a hearing on Plaintiff's confirmation of the appointment of the receiver and the issuance of a preliminary injunction.

A hearing on Plaintiff's Confirmation of Appointment of Receiver and for issuance of a preliminary injunction was heard on July 26, 2010. Plaintiff's counsel appeared at the hearing and represented to the court that all of the parties were in agreement with this Court confirming the receivership and approving a consent preliminary injunction order. The court directed Plaintiff's counsel to file a proposed preliminary injunction order.

On July 27, 2010, Plaintiff filed a proposed order for confirmation of receivership and issuance of preliminary injunction and a proof of service. <u>See</u> Doc. No. 15. The parties have not filed any objections to the proposed order. Accordingly, the Court finds that:

## CONFIRMATION OF APPOINTMENT OF RECEIVER

1.      The Stanislaus County Superior Court order in Case No. 654432 for the appointment of Byron Chapman on June 9, 2010, as receiver for the real property located in the County of Stanislaus, commonly known as 825 East F Street, Oakdale, California, and particularly described in Attachment 1 to this order, IS HEREBY CONFIRMED.

2.      The receiver's oath as ordered by the Stanislaus County Superior Court shall remain in full force and effect.

3.      The receiver's bond filed on June 15, 2010, for $25,000.00 as ordered by the Stanislaus County Superior Court shall remain in effect and no further bond is required.

## PRELIMINARY INJUNCTION

4.      This Court orders that Defendants immediately turn over possession of the real property described in Attachment 1[1] to the receiver including any security deposits, prepaid rent,

---

[1]      Attachments referenced in this order can be located on the Eastern District of California's electronic docket. <u>See</u> Doc. No. 15.

other rental or lease payments, and the funds in property management bank accounts for the property.

5.      This Court further orders that Defendants immediately turn over to the receiver all keys, books, documents and records relating to the property and advise the receiver of federal taxpayer identification numbers related to the property.

6.      This Court further orders that Defendants immediately advise the receiver about the nature and extent of insurance coverage on the property and immediately name the receiver as an additional insured on each insurance policy on the property.

7.      The Court further orders Defendants shall immediately be refrained from:

     a.      committing or permitting any waste on the property or any act on the property in violation of law or removing, encumbering, or otherwise disposing of any of the fixtures on the property;

     b.      demanding, collecting, or in any other way diverting or using any of the rents from the property;

     c.      interfering in any manner with the discharge of the receiver's duties under this order;

     d.      selling, transferring, disposing, encumbering, or concealing the property without a prior court order; and

     e.      doing any act that will impair the preservation of the property or plaintiff's interest in the property.

7.      This court orders that additional orders include authority to the receiver to do any acts arising from special circumstances, which are specified in Attachment 2.

IT IS SO ORDERED.

Dated:     July 28, 2010

                                       CHIEF UNITED STATES DISTRICT JUDGE