1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO, NATIONAL ASSOCIATION, successor in interest by consolidation to Placer Sierra Bank, )<br><br>Plaintiff, )<br>v. )<br>SHREE BALAJI HOSPITALITY, LP, a )<br>California Limited Partnership; )<br>BALWANTSINH DOLATSINHM )<br>THAKOR, an individual; LABATEN )<br>BALWANTSINH THAKOR, an )<br>individual; EDF RESOURCE )<br>CAPITAL,INC.; U.S. SMALL )<br>BUSINESS ADMINISTRATION; )<br>CITY OF OAKDALE and DOES 1 )<br>through 50, inclusive )<br> )<br> )<br>Defendants. )<br>_____ ) | NO.  1:10-CV-1150 AWI-DLB<br><br>ORDER GRANTING DEFENDANT EDF RESOURCE CAPITAL, INC.'S MOTION TO DISMISS<br><br>(Doc. No. 20) |

Currently pending before the Court is defendant EDF Resource Capital, Inc.'s ("EDF") motion to dismiss plaintiff Wells Fargo, National Association's ("Wells Fargo") Complaint against it.  For the reasons that follow, EDF's motion to dismiss is granted.

# HISTORY[1]

On June 8, 2010, Wells Fargo filed a Complaint in the Stanislaus County Superior Court seeking to enforce a loan agreement and foreclosure on a first Deed of Trust that secures a loan made to defendant Shree Balaji Hospitality, LP ("Shree").  Shree used the loan to finance the purchase of a motel ("Property").  Shree defaulted on the loan.  Wells Fargo alleges that defendants EDF and U.S. Small Business Administration ("SBA") are junior lien holders and/or fractional owners of the subject property and are named "for notice and informational purposes only."  See Complaint ¶¶6;42.  SBA removed the action to this Court.  On June 9, 2010, Byron Chapman was appointed receiver and was thereafter confirmed by this Court on July 29, 2010.  On August 11, 2010, EDF filed a motion to dismiss.  On September 10, 2010, Wells Fargo filed an opposition.

# ANALYSIS

EDF's Argument

EDF moves to dismiss the Complaint on the grounds that it assigned its beneficial interest in the Deed of Trust to SBA on May 3, 2007.  Wells Fargo concedes that EDF assigned and transferred all of its beneficial interest in the Deed of Trust to SBA.  See Wells Fargo Opposition at page 2.[2]

Wells Fargo's Argument

Wells Fargo argues that despite the assignment, "it is reluctant to voluntarily dismiss EDF

---

[1]The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained herein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

[2]The Court also notes that EDF requests that the Court take judicial notice of the Assignment of Deed of Trust, which was recorded on May 23, 2007 in Stanislaus County. "[U]nder Fed. R. Evid. 201, a court may take judicial notice of matters of public record."  See Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd., 245 F.2d 67, 70 (9th Cir. 1956); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  The Assignment of Deed of Trust is a matter of public record.  As such, this Court may independently consider the Assignment of Deed of Trust.  Moreover, no objection by Wells Fargo has been made.

2

on the basis of a loan loss risk provision it shares with SBA." Wells Fargo argues that under the "loan loss risk" provision, EDF could suffer a financial loss, in the event that SBA loses its security interest as a junior lien holder if a foreclosure decree is issued. Id.

Resolution

EDF is representing to the Court that it has no interest in the foreclosure of the Property. EDF asserts that: "The evidence presented by [EDF] irrefutably demonstrates that [EDF] has no financial or beneficial interest in the deed of trust for the commercial real property because [EDF] assigned all of its right and interests in the Deed of Trust to the SBA." See EDF Motion to Dismiss at page 2. Based on EDF's representations, it appears that EDF should be dismissed from this case. EDF is representing that: (1) it will have no lien that survives this action for judicial foreclosure and is not entitled to money damages against Wells Fargo in connection with the foreclosure; and (2) it will have no recourse against Wells Fargo for any loss related to the judicial foreclosure, including any loss under the "loss risk provision" that Wells Fargo references in its opposition.[3] Based on EDF's representations, the Court will grant EDF's motion to dismiss.

**ORDER**

Accordingly, EDF's motion to dismiss is GRANTED.

IT IS SO ORDERED.

Dated:     October 12, 2010          _____
                                     CHIEF UNITED STATES DISTRICT JUDGE

---

[3] To the extent that EDF disagrees with the Court's interpretation of EDF's representations, EDF should file a motion for reconsideration to clarify its position in order to allow the Court to determine whether EDF needs to be made a party to this action. EDF's motion for reconsideration must comply with the Court's local rules and Federal Rules of Civil Procedure. If EDF elects to not file a motion for reconsideration, EDF's silence will be treated as acquiescence.